J-S32036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALLEN EUGENE BROWN | : | |
| | : | |
| Appellant | : | No. 40 MDA 2018 |

Appeal from the Judgment of Sentence September 5, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No.:  CP-22-CR-0000349-2017

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                              **FILED JULY 05, 2018**

Appellant, Allen Eugene Brown, appeals from the judgment of sentence imposed following his bench conviction of driving under the influence of alcohol (DUI).[1]   Appellant challenges the weight of the evidence supporting his conviction.  We affirm.

The trial court aptly set forth the factual history of this case as follows:

> On September 3, 2016, Appellant was on his way home from the Middletown VFW where he had three drinks over the course of several hours.  At approximately 9:00 p.m. off duty Dauphin County Deputy Sheriff Paul Leggore was watching a football game at his home on Water Street when he heard what he believed to be a car accident.  (**See** N.T. Trial, 9/05/17, at 4-5).  He went outside and saw a vehicle had hit a parked car.  Leggore approached the vehicle in case he needed to render aid.  (**See id.** at 5).

---

[1] 75 Pa.C.S.A. § 3802(a)(1) (general impairment).

---

*   Retired Senior Judge assigned to the Superior Court.

Leggore testified that he and his neighbor approached the car together. (*See id.* at 6). He and his neighbor knocked on the window several times while Appellant and the passenger ignored him. (*See id.* at 7). Appellant then repeatedly put the car in drive and reverse but could not move the car—which appeared to have a broken axle. (*See id.*). Leggore admitted that he is not a mechanic and would not know if there were any mechanical issues with the car that may have played a role in the accident. (*See id.* at 7, 16).

The passenger exited the vehicle and began walking away so Leggore followed him. (*See id.* at 8). Leggore warned the passenger that he was leaving the scene of an accident, but the passenger continued to ignore him. (*See id.* at 9). Leggore followed the passenger, until he noticed that the driver (Appellant) had also exited the vehicle. (*See id.* at 9-10). Leggore also warned Appellant that he was leaving the scene of an accident. (*See id.* at 10). Leggore approached Appellant and extended an arm towards him when Appellant turned and sw[u]ng with his left hand in a closed fist at Leggore. (*See id.*). Leggore grabbed his hand and the momentum took Appellant to the ground. (*See id.* at 10-11).

Appellant asked Leggore to let him up at which point Leggore identified himself as an off-duty sheriff. (*See id.* at 11-12). Leggore refused to let Appellant up. (*See id.* at 12). Leggore testified that he could smell the odor of alcoholic beverage on Appellant when he was holding him down. He also testified that Appellant's speech was slurred. (*See id.*). He seemed somewhat lethargic and the punch he threw was slow. (*See id.* at 12-13). Leggore believed that Appellant was incapable of safely operating a vehicle. (*See id.* at 13). Leggore has never arrested anyone for driving under the influence. (*See id.* at 18).

Officer James Bennett of the Middletown Borough Police Department was the first officer on the scene. (*See id.* at 21-22). Upon arrival, he observed Deputy Leggore on top of Appellant, pinning his arms behind his back as [Appellant] lay on the ground. (*See id.* at 22). Bennett learned Appellant was under arrest so he handcuffed him, and noticed some abrasions on him. (*See id.* at 22-23). He also noticed an odor of alcohol and that Appellant was unsteady and stumbling a bit. (*See id.* at 23). While he was Mirandizing Appellant, Bennett noticed slurred speech. (*See id.*).

Bennett did not administer any standardized field sobriety tests as there was a crash involved and "we received blood pretty much automatically due to the crash.["] (*Id.*). He also believed that Appellant was incapable of safe driving. (*See id.* at 23-24).

Appellant testified on his own behalf. He indicated that he went to the VFW with friends to play darts and watch football. He had approximately three beers over the course of seven hours. (*See id.* at 33-34). He was safely navigating home from the VFW through one red light and several stop signs and picking up very little speed—he guessed five to seven miles per hour. (*See id.* at 35). Suddenly, he heard a loud noise and his car veered right and hit a parked car. (*See id.* at 36). He was surprised and at first he just sat there; then he tried to reverse so as to be able to inspect any damage. (*See id.*).

Appellant denied having a passenger in the car and said that the man Deputy Leggore said was a passenger was a random person who opened the door to ask if he was ok. As he was, the man went about his business. (*See id.* at 36-37). Appellant exited his vehicle to assess the damage when a man, the neighbor, came running and yelling at him "Don't try to run. Don't try to run." (*Id.* at 37). [Appellant] had his hand out in an attempt at keeping the man away from him and in fear for his life. (*See id.* at 38). He looked over his shoulder and saw another man coming at him. That man, Deputy Leggore, picked him up and slammed him to the ground. (*See id.*). His face hit the ground and his arm was fractured in two places. (*See id.*). He indicated that he hit his head and saw blue. (*See id.* at 40). [Appellant] told Leggore that he thought his arm was broken and he asked him to ease up, but Leggore had his knee in the back of his neck and would not ease up. (*See id.* at 38).

[Appellant] denied that he was leaving the scene of an accident as he had no warrants, nothing illegal in the car and valid registration and insurance. (*See id.* at 39). [Appellant] also testified that he did not refuse the blood test, but rather, he said he was exercising his right to an attorney and would give the blood once he was given an attorney. (*See id.* at 41).

Following the accident, Appellant had his car towed to a mechanic by the same towing company used by the Middletown Police Borough Department. He received a receipt indicating that

the cause of the accident was a broken control arm. (*See id.* at 43).

(Trial Court Opinion, 2/14/18, at 1-4) (record citation formatting provided).

The trial court found Appellant guilty of DUI on September 5, 2017, following a bench trial. It sentenced Appellant on that same date to a term of six months of probation, and a $300.00 fine. The court denied Appellant's timely post-sentence motion challenging the weight of the evidence on December 22, 2017. This timely appeal followed.[2]

Appellant presents one question for our review:

Whether the trial court erred in denying Appellant's post sentence motion challenging the weight of the evidence where the Commonwealth failed to prove beyond a reasonable doubt that Appellant was incapable of safe driving and that his accident, slurred speech and unsteady gait were actually caused by alcohol impairment as opposed to Appellant's injuries?

(Appellant's Brief, at 5) (underline and some capitalization omitted).

Appellant argues that his demeanor and physical signs of intoxication, including difficulty speaking and walking, were attributable to the personal injuries he suffered when Deputy Leggore tackled him to the ground, and not to alcohol consumption. (*See id.* at 11, 13-15). He also maintains that mechanical issues affected his ability to steer his vehicle and caused the accident, as evidenced by the note prepared by his mechanic. (*See id.* at 11, 15). This issue merits no relief.

---

[2] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on January 30, 2018. The court entered an opinion on February 14, 2018. *See* Pa.R.A.P. 1925.

At the outset, we note that the weight attributed to the evidence is a matter exclusively for the fact finder, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The grant of a new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that, notwithstanding all of the facts, certain facts are so clearly of greater weight, that to ignore them or to give them equal weight with all of the facts is to deny justice.

An appellate court's purview:

is extremely limited and is confined to whether the trial court abused its discretion in finding that the . . . verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice. [T]he trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Hicks*, 151 A.3d 216, 223 (Pa. Super. 2016), *appeal denied*, 168 A.3d 1287 (Pa. 2017) (citations and quotation marks omitted).

Here, after considering all of the evidence as factfinder, the trial court found that there was ample evidence that Appellant was driving under the influence of alcohol. (*See* Trial Ct. Op., at 5). Upon review, we agree.

Specifically, the record reflects that Appellant exhibited several signs of intoxication, including emanating an odor of alcohol, slurred speech, and an unsteady gait. (*See* N.T. Trial, at 12, 23). Appellant was initially unresponsive when Deputy Leggore approached his vehicle, and he repeatedly attempted to remove his car and then himself from the scene of the accident.

(*See id.* at 7-8, 10). Appellant admitted to drinking three beers during the evening, and he threw a lethargic punch at Deputy Leggore. (*See id.* at 10, 12-13, 34). Both Officer Bennett and Deputy Leggore testified that, based on their observations, they believed that Appellant was incapable of safely driving his vehicle. (*See id.* at 12-13, 23-24).

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Appellant's weight claim. *See Hicks*, *supra* at 223. Therefore, Appellant's sole issue on appeal does not merit relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2018